*831 OPINION.
'GREEN:
The petitioner alleges that the respondent erred in refusing to allow as a deduction from gross income the amounts paid to several alleged charitable and educational corporations under the provisions of section 214(a) (11) of the Revenue Act of 1918, which reads as follows:
(a) That in computing net income there shall be allowed as deductions: *******
(11) Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act, to an amount not in excess of 15 per centum of the taxpayer’s net income as computed without the benefit of this paragraph. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. In the case of a nonresident alien individual this deduction shall be allowed only as to contributions or gifts .made to domestic corporations, or to such vocational rehabilitation fund.
In order to be exempt, the corporation or association must meet three tests: (a) It must be organized and operated for one or more of the specified purposes; (b) it must be organized and operated exclusively for such purposes; and (c) no part of its income must inure to the benefit of private stockholders or individuals.
It appears that all of the societies to which the petitioner contributed meet the third test, i. e., no part of the income inured to the benefit of the stockholders or to an individual. As to the other two tests, we will discuss each corporation or association separately in the order in which they were previously mentioned.
The “ Y. D. Club ” is a social club organized and maintained as a center for the former members of the Twenty-sixth Division, and to serve as a memorial to its dead. A further purpose was that of education and the fostering of good citizenship. We are of the opinion that it was not organized exclusively for educational purposes and hence not within the exemption.
The North American Civic League for Immigrants, the Massachusetts Anti-Cigarette League, and the Massachusetts Anti-Saloon *832 League are all unincorporated associations. The evidence does not satisfy us that these associations meet the statutory requirements as “ corporations organized and operated exclusively for religious, charitable, scientific or educational purposes.” See Appeal of Sophia G. Coxe, 5 B. T. A. 261, and Appeal of Thomas Nevins, 1 B. T. A. 1162. The evidence sLloavs that the Scientific Temperance Federation was incorporated. It also sIioavs that it, together with the Massachusetts Anti-Saloon League and the Massachusetts Anti-Cigarette League, were formed to disseminate controversial or partisan propaganda and were not educational Avithin the meaning ofj the statute.
The International Reform Bureau (now called the International Reform Federation), both from the purpose as stated as well as from the fact that it supported candidates for public office who stood for the principals advocated, fails to meet the above mentioned tests.

Judgment will he entered for the Commissioner.

Considered by Steknhagen, LaNsdoN, and Arundell.